IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Christian M. Heesch, <br><br>Plaintiff(s) <br><br>v. <br><br>DIAGNOSTIC PHYSICIANS GROUP, P.C.; IMC-DIAGNOSTIC AND MEDICAL CLINIC, P.C.; IMC-NORTHSIDE CLINIC, P.C.; INFIRMARY MEDICAL CLINICS, P.C.; and INFIRMARY HEALTH SYSTEM, INC. <br><br>Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 11-364-KD-B |

**MOTION FOR ENTRY OF
ORDER ALLOWING SERVICE OF COMPLAINT**

COMES NOW CHRISTIAN M. HEESCH as Relator and on his own behalf (herein "Relator") and pursuant to 31 U.S.C. *§3730(b)(2)* and *Rule 4(m)* of the Federal Rules of Civil Procedure, and hereby moves this Honorable Court as required in *31 U.S.C. §3730(b)(2)* to enter an Order allowing and instructing Relator to serve the Second Amended Complaint (Doc. 21) on Defendants DIAGNOSTIC PHYSICIANS GROUP, P.C. ( "DPG"); IMC-DIAGNOSTIC AND MEDICAL, P.C. ( "D & M CLINIC" ); INFIRMARY MEDICAL CLINICS, P.C. ( "INFIRMARY CLINICS" ); and INFIRMARY HEALTH SYSTEM, INC. ("INFIRMARY HEALTH") (herein "Defendants"). Relator further requests twenty (20) days from the issuance of such Order for service of the Second Amended Complaint with exhibits[1].

In support of this Motion, Relator states and asserts the following:

---

[1] The Exhibits (Exhibits A through K-1) filed by Relator contemporaneously with and in support of the initial complaint remain under seal. Additionally, the Exhibits with the initial complaint relate primarily to the False Claims Act claims which are the subject of the Government's Complaint In Intervention. These exhibits were not included as exhibits to the Government's Complaint.

1

1. On July 8, 2011, Relator initiated this action on behalf of the United States of America filing this *qui tam* action against the Defendants under seal. Filed contemporaneously with the Complaint, Relator filed Exhibits A through K-1, also filed under seal in support of the Complaint and remain under seal.

2. While the initial Complaint and an Amended Complaint remained under seal, Relator filed his Second Amended Complaint (Doc. 21) on January 30, 2013. This Complaint, in addition to amending substantive allegations related to the *qui tam* claims against the Defendants, also asserted a claim personal to Relator by alleging in Count VII a claim of wrongful and retaliatory discharge pursuant to the whistleblower retaliation provisions of the False Claims Act, *as amended*, *31 U.S.C. §3730(h)* (Doc. 21, ¶¶ 2 and 119 – 128 and Section (2) of the "Prayer For Relief"). Relator adopted and incorporated into the Second Amended Complaint all Exhibits previously filed under seal in support of the initial Complaint and Amended Complaint (Exhibits A through K-1) **except for Exhibit "F"**.

3. On June 26, 2013, the Government notified the Court that "it hereby intervenes and in intends to proceed with this action" and intended "to file and serve its complaint within 120 days". Further, the Government requested that "the relator's Second Amended Complaint, this Notice and the Proposed Order be unsealed" (Doc. 28).

4. Upon the filing of Notice of intervention, this Court on July 9, 2013 ordered as follows:

> 1. the relator's Second Amended Complaint (doc. 21), the Government's Notice of Intervention (doc. 28), and this Order be unsealed;
>
> 2. any amended complaint to be filed by the Government must be filed and served within thirty (30) days;
>
> 3. all other papers or Orders on file in this matter shall remain under seal; and

      4.  the seal shall be lifted on all matters occurring in this action after the date of this Order.

(Doc. 29)

    5.      On August 7, 2013 and in accordance with the Court's Order of July 9, 2013, the Government filed its Complaint In Intervention and "proceeded" with the *qui tam* action and claims initiated by the Relator. However, the Government in no way plead or made any allegations associated with Relator's personal claim, the wrongful and retaliatory discharge claim made pursuant to the whistleblower retaliation provisions of the False Claims Act.

    6.      In <u>United States ex rel. Law v. Spurlock</u>, *582 F. Supp. 2d 1350, 2008 U.S. Dist. LEXIS 85867 (N.D. Ala., Oct. 14, 2008)*, the District Court addressed the issue of service of process by a Relator when the Relator sought to dismiss the action prior to service of the unsealed complaint as a result of the Government's failure to intervene in the action. In discussing the issue of service of the complaint, the Court examined the question of whether the Federal Rules of Civil Procedure, and more specifically *Rule 4(m)* applied to *qui tam* actions and if so, to what extent. In conducting its analysis, the Court reasoned as follows:

> More important than the Advisory Committee Notes on *Rule 3* is the language of the False Claims Act itself, language that shapes or alters *Rule 4(m)*, and that expressly provides the *qui tam* court with the authority to order service of process in less than 120 days. The controlling sentence provides that the complaint "shall not be served on the defendant **until the court so orders"**. (emphasis supplied). *31 U.S.C. § 3730(b) (2)*. The statute does not say **"until the court so orders so long as *relator* is given at least 120 days"**.

<u>Id</u>. at 1356.

    7.      Given the legal authority herein, Relator's personal claim asserted in the Second Amended Complaint and procedural posture of the case, Relator respectfully requests that the Court enter an Order instructing Relator to serve the Second Amended Complaint (Doc. 21) and the incorporated exhibits (should the Court deem the exhibits should be unsealed), within

twenty (20) days from the issuance of such Order and such other, further and different relief as the

Court deems appropriate.

        Respectfully submitted,

        **\s\CHRIST N. COUMANIS**
CHRIST N. COUMANIS (COUMC1593)
coumanis@c-ylaw.com

        **\s\ DAVID YORK**
DAVID YORK (YORKD2887)
david@c-ylaw.com
Attorneys for Relator Christian M. Heesch

OF COUNSEL:

COUMANIS & YORK, P.C.
2102 Main Street
Post Office Box 2627
Daphne, Alabama  36526
lawfirm@c-ylaw.com
Phone:  251.990.3083
Fax:     251.928.8665

**Mobile Office:**
1206 Dauphin Street
P.O. Box 1646
Mobile, Alabama  36633
Phone:  251.431.7272

## CERTIFICATE OF SERVICE

I do hereby certify that I have on September 19, 2013 electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, and request the Court to serve the same electronically on the U.S. Attorneys and all counsel and parties of record in this matter.

Deidre L. Colson, Esq.
Asst. U.S. Attorney, Civil Division
U.S. Attorney, Southern Dist. Of AL
Riverview Plaza, Suite 600
63 South Royal Street
Mobile, AL  36602
deidre.colson@usdoj.gov

Douglas J. Rosenthal, Esq.
Trial Attorney
United States Department of Justice
Civil Division, Fraud Section
600 E Street, N.W.
Bldg. BCN-6932
Washington, DC  20004
Douglas.J.Rosenthal@usdoj.gov


                **\s\ CHRIST N. COUMANIS**
                CHRIST N. COUMANIS (COUMC1593)