IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Christian M. Heesch, <br><br> **Plaintiff** <br><br> v. <br><br> DIAGNOSTIC PHYSICIANS GROUP, P.C.; IMC-DIAGNOSTIC AND MEDICAL CLINIC, P.C.; IMC-NORTHSIDE CLINIC, P.C.; and INFIRMARY HEALTH SYSTEM, INC., <br><br> **Defendants** | Case No. 1:11-cv-364-KD-B |

### DEFENDANT DIAGNOSTIC PHYSICIANS GROUP, P.C.'S BRIEF IN SUPPORT OF MOTION TO DISMISS THE CLAIMS ASSERTED AGAINST IT IN THE UNITED STATES' COMPLAINT IN INTERVENTION

#### SUMMARY

The Government's Complaint in Intervention (Dkt. #30, "Complaint") alleges five causes of action against Defendant Diagnostic Physicians Group, P.C. ("DPG"), including three counts under the False Claims Act, 31 U.S.C. § 3729 *et seq*. ("FCA") (Counts I – III), and two common law counts: payment by mistake (Count IV); and unjust enrichment (Count V). The FCA counts are due to be dismissed under Federal Rules of Civil Procedure ("Rule") 9(b) and 12(b)(6) because they do not allege the elements of the claims with the requisite particularity and fail to state a claim against DPG. The common law counts are due to be dismissed under Rule 12(b)(6) for failure to state a claim against DPG because they are premised on an underlying FCA violation that does not exist, they do not specify whether they are based on federal law or state

law, and there can be no viable claims for mistaken payment or unjust enrichment against DPG given that the Complaint alleges on its face that the Government did not make any payments to DPG (and alleges that the Government instead made the relevant payments to one or more of the other Defendants). The Court should therefore grant DPG's motion to dismiss under Rules 9(b) and 12(b)(6) and enter an order dismissing Counts I through V as alleged against DPG.

## LAW AND ARGUMENT

I. **The FCA claims in Counts I, II, and III are due to be dismissed because the Government failed to plead the elements of those claims with the requisite particularity and they do not state a claim against DPG upon which relief can be granted.**

   A. **The FCA claims (Counts I, II, and III) are subject to the heightened pleading requirements of Rule 9(b).**

It is well-settled that FCA claims are subject to scrutiny under Rule 9(b)'s heightened pleading standards. *See U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1308-11 (11th Cir. 2002). As such, FCA claims must be pleaded with particularity as to the circumstances constituting the fraud or mistake. *Id.*; *see also* Fed. R. Civ. P. 9(b). This requires an FCA complaint to plead *each element* with particularity (except for state of mind, which is held to the Rule 8 standards). The Government is thus required to plead "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them" (*i.e.*, the specific details of the who, what, when, where, and how) and must do so not only with respect to the alleged improper practices, but also with respect to the alleged false claims and false statements. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005); *see also U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222-23 (11th Cir. 2012) (citing *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009)).

In addition to being required to plead with particularity the who, what, when, where, and how of each element of an FCA violation, the Government also is required to plead with particularity sufficient details to provide an indicium of reliability as to the allegations of who, what, when, where, and how, such as specific details regarding "the dates on which the defendants submitted false claims, the amounts of those claims, or the patients whose treatment served as the basis for the claims." *See U.S. ex rel. Sanchez v. Lymphatx*, 596 F.3d 1300, 1302-03 (11th Cir. 2010) (citing these examples of indicia of reliability and stating, "[w]ithout these or similar details," the complaint "lack[ed] the 'indicia of reliability' necessary under Rule 9(b) to support its conclusory allegations of wrongdoing.") (citing *Clausen*, 290 F.3d at 1311-12); *see also Corsello*, 428 F.3d at 1012 (citing *Clausen*, 290 F.3d at 1311).

> B. **Counts I and II fail because they do not plead the elements of the claim with the requisite particularity and insufficiently specify the "who, what, when, where, how" with respect to each element of those claims.**

Count I in the Complaint is a claim under 31 U.S.C. § 3729(a)(1)(A) of the FCA. The elements of that claim are that the defendant "knowingly present[ed], or cause[d] to be presented, a false or fraudulent claim for payment or approval." Count II in the Complaint is a claim under 31 U.S.C. § 3729(a)(1)(B). The elements of that claim are that the defendant "knowingly ma[de], use[d], or cause[d] to be made or used, a false record or statement material to a false or fraudulent claim." The Government's allegations in support of these causes of action should have alleged with particularity the claims at issue and the timing of the claims' submission to the Government for payment. *See Clausen*, 290 F.3d at 1306, 1311-12; *see also U.S. ex rel. Seal 1 v. Lockheed Martin*, 429 Fed. Appx. 818, 820 (11th Cir. 2011); *Hopper*, 588 F.3d at 1326-27; *Sanchez*, 596 F.3d at 1302.

Counts I and II are due to be dismissed because the Government's Complaint fails to adequately identify the specific claims at issue and wholly fails to state when the claims at issue were submitted to the Government.  Though the Government included in the Complaint an "example" of an allegedly false claim (Complaint, ¶ 81) and a chart summarizing fourteen claims that Defendant IMC-Diagnostic and Medical Clinic, P.C. (*not* DPG) allegedly submitted to the Government (Complaint, Exhibit 2), the Complaint neither identifies with particularity the purportedly "hundreds of thousands" of claims at issue during the six-year "relevant period" nor states the dates on which such claims were submitted for payment.  As a result, the Government's allegations in Counts I and II against DPG are deficient and should be dismissed. *Id.*

### C. Count I fails for the additional reason that the Government has not sufficiently pleaded that DPG knowingly presented or caused to be presented a single claim.

Knowingly presenting a claim or causing a claim to be presented is an element of Count I.  *See* 31 U.S.C. § 3729(a)(1)(A).  Indeed, it is the "*sine qua non*" of that cause of action. *Clausen*, 290 F.3d at 1311.  The Government insufficiently pleaded Count I with respect to DPG because the Complaint does not allege that DPG presented the claims at issue and does not provide any particularized allegations that DPG knowingly caused the claims at issue to be presented.  Paragraph No. 130 in the Complaint comes the closest to addressing the issue of DPG's knowingly causing a claim to be presented; however, it falls far short of meeting the heightened pleading standards of Rule 9(b).

With respect to the "who" aspect, the broad, vague, and conclusory allegations in Paragraph No. 130 suggest that some undisclosed number of unnamed "executives and employees" had knowledge that DPG was receiving compensation from Medicare for referrals

that violated the Stark Law and the Anti-Kickback Statute. (Complaint, ¶ 130).[1] This does not constitute pleading with particularity exactly *who* knowingly caused false claims to be presented. The "when" also is lacking; there is no mention of when either the named or unnamed individuals allegedly came to know that they were causing false claims to be submitted. Likewise, there is no particularized allegation of "how" DPG caused false claims to be submitted (*e.g.*, is the Government alleging that one or more DPG physicians told someone else to submit false claims on their behalf?).

### D. Count III, for a "reverse false claim," fails because it does not meet pre- or post-FERA pleading requirements.

Count III purports to assert a so-called "reverse false claim" under 31 U.S.C § 3729(a)(7) and § 3729(a)(1)(G). Because the Government identified a "relevant period" that encompasses time before and after the June 7, 2008, effective date of certain amendments to the FCA made through the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21, 123 Stat. 1617 (2009), the Government's pleading obligations for Count III require it to satisfy both pre-FERA and post-FERA pleadings standards. (*See* FERA § 4(f); *see also* Complaint, p. 6, n. 1). The Government's Complaint fails under both standards.

#### i. Count III does not satisfy pre-FERA pleading standards.

The elements of a reverse false claim under the pre-FERA standard are that the defendant "knowingly ma[de], use[d], or cause[d] to be made or used, a false record or statement to conceal, avoid, or decrease *an obligation to pay or transmit money or property to the Government* . . . ." 31 U.S.C § 3729(a)(7) (emphasis added). Trying to conceal, avoid, or

---

[1] Paragraph No. 130 does name three individuals but, as written, it indicates that the Government is alleging that there is some undisclosed number of others.

decrease an obligation to pay money or return property to the United States is an indispensable element of the claim, and thus must be pleaded with particularity. *See U.S. ex rel. Osheroff v. Tenet Healthcare Corp.*, No. 09-22253, 2013 WL 1289260 (S.D. Fla. Mar. 27, 2013) (citing *Matheny*, 671 F.3d at 1222-23 (11th Cir. 2012)). Yet the Government fails to allege with particularity that DPG owed an obligation to pay money to the Government. Instead, the Government relies upon a boilerplate recitation of the statutory language coupled with a conclusory allegation that the elements are satisfied. (*See* Complaint, ¶¶ 145-146.) This is insufficient to avoid dismissal. *See Osheroff*; *see also U.S. ex rel. Barber v. Paychex, Inc.*, No. 09-20990, 2010 WL 2836333, *10 (S.D. Fla. 2010) ("conclusory assertions of these elements without factual specifics will not suffice"); *U.S. ex rel. Wilson v. Crestwood Healthcare, L.P.*, No. 11-3361, 2012 WL 1886351, *8 (N.D. Ala. May 18, 2012) (dismissing reverse false claims count for failure to meet Rule 9(b) requirements where plaintiff's theory was apparent but where allegations did not specifically develop the theory in the complaint). Because the Complaint does not allege with particularity that DPG owed an obligation to pay money to the Government and tried to conceal, avoid, or decrease that obligation (indeed, it does not even allege particular facts from which one may reasonably infer that DPG owed an obligation to pay money to the Government), Count III should be dismissed for failure to state a claim. *Id.*[2]

                *ii.*     *Count III does not satisfy post-FERA pleading standards.*

Post-FERA standards require that a reverse false claim be pleaded in one of two ways. The Government's allegations are inadequate under both approaches.

---

[2] The fact that the Government also does not identify a single false record or statement made *for the purpose of concealing, avoiding, or decreasing an obligation to pay money to the United States* bolsters the conclusion that the Government has inadequately pleaded Count III under pre-FERA standards.

The first way the Government can plead a post-FERA reverse false claim is to plead with particularity that DPG "knowingly ma[de], use[d], or cause[d] to be made or used, a false record or statement material to *an obligation to pay or transmit money or property to the Government*." 31 U.S.C. § 3729(a)(1)(G) (emphasis added).  The second way the Government can plead a post-FERA reverse false claim is to plead with particularity that DPG "knowingly conceal[ed] or knowingly and improperly avoid[ed] or decrease[d] *an obligation to pay or transmit money or property to the Government*."  *Id.* (emphasis added).  The Government's allegations fail under both approaches because the Complaint does not allege with particularity that DPG owed an obligation to pay or transmit money or property to the Government (*see* Section I.D.i., *supra*).

Because Count III does not meet either the pre- or post-FERA pleading standards with respect to DPG, the Court should dismiss it as against DPG.

**II.    Counts IV and V for mistaken payment and unjust enrichment fail to state a claim against DPG because there is no underlying FCA liability to support them, because they do not specify whether they purport to be common law claims under federal or state law, and because there is no allegation that the Government paid money *to* DPG.**

Counts IV and V fail for at least three reasons.  First, there is no underlying FCA liability to support them.  Counts IV and V are common law claims that are derivative of the FCA claims (*i.e.*, they both rest on the premise that because the money DPG received resulted from false claims, the Government should not have paid the money and DPG should not be permitted to keep it).  As demonstrated above, there is no FCA liability for DPG, and thus the underlying mistake and/or injustice relied upon by the Government is not present.

Second, the Government improperly failed to identify whether its claims for mistaken payment and unjust enrichment are brought under federal common law or state common law.  *See U.S. ex rel. St. Joseph's Hospital v. United Distributors, Inc.*, 918 F. Supp. 2d 1306, 1316

(S.D. Ga. 2013) (internal citations omitted) (granting defendants' motion to dismiss claims of unjust enrichment and payment by mistake "[b]ecause it [was] unclear from the complaint whether the Government's claims of unjust enrichment and payment by mistake were pled under federal common or Georgia state law.").

Third, the common law counts fail to state a claim against DPG because the Complaint alleges on its face that the Government did not make any payments to DPG (and that the Government made the relevant payments to one or more of the other Defendants rather than DPG), and thus there is no viable claim for mistaken payment or unjust enrichment against DPG. *See U.S. ex rel. Singh v. Bradford Regional Medical Center*, 2013 WL 4504438, *4 (W.D. Pa. Aug. 22, 2013) (finding that, "because the United States ha[d] failed to allege or show that [certain of the defendants] received any direct or indirect mistaken payments from the government, the common law claims of payment by mistake and unjust enrichment must be dismissed").

### RELIEF REQUESTED

Diagnostic Physicians Group, P.C. respectfully requests that the Court dismiss Counts I, II, and III against it because they do not allege the elements of the claims with the requisite particularity and fail to state a claim against DPG. Diagnostic Physicians Group, P.C. further requests that the Court dismiss Counts IV and V against it because those common law claims fail to state a claim against DPG.

Dated:  October 7, 2013.

                                                                */s/ David W. Proctor*
David W. Proctor (PROCD3254)
Daniel J. Martin (MARTD8327)
Attorneys for Defendant Diagnostic Physicians Group, P.C.

**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama  35209
Telephone:	(205) 458-9400
Facsimile:	(205) 458-9500
Email:	dwp@johnstonbarton.com
	djm@johnstonbarton.com

                                               */s/ James B. Newman*
James B. Newman (NEWMJ8049)
Attorney for Defendant Diagnostic Physicians Group, P.C.

**HELMSING, LEACH, HERLONG, NEWMAN & ROUSE**
Post Office Box 2767
Mobile, Alabama  36652
Telephone:	251-432-5521
Email:	jbn@helmsinglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve the same electronically on all counsel and parties of record in this matter, including:

Deidre Colson deidre.colson@usdoj.gov
Christ N. Coumanis coumanis@c-ylaw.com
David P. York david@c-ylaw.com
Daniel James Martin djm@johnstonbarton.com
David W. Proctor dwp@johnstonbarton.com
Caine O'Rear III corear@handarendall.com
Windy C. Bitzer wbitzer@handarendall.com
Douglas Rosenthal douglas.j.rosenthal@usdoj.gov
Eugene A. Seidel eugene.seidel@usdoj.gov
Kimberly Friday kimberly.i.Friday@usdoj.gov
Lisa M. Noller lnoller@foley.com
Michael P. Mathews mmathews@foley.com


/s/ *Daniel J. Martin*
Of Counsel