IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Christian M. Heesch, <br><br> **Plaintiff** <br><br> v. <br><br> DIAGNOSTIC PHYSICIANS GROUP, P.C.; IMC-DIAGNOSTIC AND MEDICAL CLINIC, P.C.; IMC-NORTHSIDE CLINIC, P.C.; and INFIRMARY HEALTH SYSTEM, INC., <br><br> **Defendants** | Case No. 1:11-cv-364-KD-B |

**DEFENDANT DIAGNOSTIC PHYSICIANS GROUP, P.C.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE CLAIMS ASSERTED AGAINST IT IN THE UNITED STATES' COMPLAINT IN INTERVENTION**

Defendant Diagnostic Physicians Group, P.C. ("DPG") submits this reply in support of its Motion to Dismiss the United States' Complaint in Intervention.

### INTRODUCTION

The Government's Opposition fails to rebut the arguments made by DPG in its motion to dismiss. Instead, the Opposition is merely a veiled attempt by the Government to re-plead its Complaint, which is improper. It also falls short of distinguishing the Eleventh Circuit cases relied upon by DPG which warrant dismissal of the Complaint, instead making artful attempts at bootstrapping snippets from opinions that are inapplicable, nonbinding or both.

LAW AND ARGUMENT

I.     **The Government did not adequately plead violations of the False Claim Act.**

Counts I and II of the Complaint, alleging claims under 31 U.S.C. § 3729(a)(1)(A) and (B), are due to be dismissed because the Government fails to plead any allegations of violations of the False Claims Act ("FCA"). Instead the Government merely pleads violations of the physician self-referral prohibition ("Stark Law") or Anti-Kickback Statute ("AKS"), which allegations are unrelated to the claims in Counts I and II. Furthermore, neither statute provides a basis for a standalone civil action. *See* 42 U.S.C. § 1395nn; 42 U.S.C. § 1320a-7b(b). The Government attempts to create a diversion by arguing that DPG has not challenged the Government's allegations regarding the Stark Law or AKS. However, because these allegations relate to non-existent causes of action, DPG cannot be expected to move to dismiss them and is not required to do so; there is no need to dismiss a cause of action that has not been asserted in the Complaint. Further at this stage, DPG is not required or even allowed to admit or deny factual allegations contained in a complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (explaining that a motion to dismiss for failure to state a claim "assum[es] that all the allegations in the complaint are true (even if doubtful in fact)").

The Government must plead with particularity violations of the FCA, not alleged violations of the Stark Law or AKS. While it is true that *actual* violations of the Stark Law or AKS may form the basis for a violation of the FCA if the other statutory requirements are met, there is no support for the Government's argument that *alleged* violations of the Stark Law or AKS are sufficient to state a claim under the FCA. *See, e.g., Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) ("liability under the False Claims Act arises from the submission of a fraudulent claim to the government, not the disregard of government regulations") (citing

2

*United States* ex rel. *Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002)). Moreover, a claim under the FCA must be pled with particularity in order before the question even arises as to whether a violation of the Stark Law or AKS has resulted in a false claim. *Clausen*, 290 F.3d at 1310; *Corsello*, 428 F.3d at 1012.  Here, because the Government has failed to adequately plead violations of the FCA with particularity, Counts I and II should be dismissed.

**II.     The Government did not adequately identify the alleged false claims.**

Eleventh Circuit precedent, such as *Clausen* and *Corsello*, requires Counts I and II to be dismissed because the Government's Complaint fails to adequately identify the specific claims at issue and wholly fails to state when the claims at issue were submitted to the Government. *Clausen*, 290 F.3d at 1311-12 (plaintiff's failure to allege with any specificity when any actual improper claims were submitted to the Government was fatal to complaint); *Corsello*, 428 F.3d at 1012 (details of when alleged fraudulent acts occurred is essential).  The Complaint neither identifies with particularity the purported "hundreds of thousands" of claims at issue during the six-year "relevant period," nor states the dates on which such claims were submitted for payment.

*Hill* and *Walker*, the two cases the Government relies on to distinguish Eleventh Circuit precedent, are inadequate because the Eleventh Circuit has specifically held that these cases do not diminish *Clausen* or *Corsello*.  As noted in *United States ex rel. Hopper v. Solvay Pharms., Inc.*, 590 F. Supp. 2d 1352, 1362 (M.D. Fla. 2008), *aff'd*, 588 F.3d 1318 (11th Cir. 2009), *Hill* and *Walker* "do not call *Clausen*, *Corsello*, and *Atkins* into question, and they certainly do not override them". The Eleventh Circuit has agreed with this position.  *See e.g., United States* ex rel. *Atkins v. McInteer*, 470 F.3d 1350, 1358 n.15 (11th Cir. 2006) (holding that "*Hill* is not binding precedent" and that, "[e]ven if *Hill* were a published opinion, the prior panel rule would

dictate that *Clausen* supersedes *Hill* to the extent that *Hill* is inconsistent with *Clausen*."); *United States ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1303 n.4 (11th Cir. 2010) (holding that *Walker* is subject to the prior-precedent-panel rule to the extent it may be read to require less specificity than *Clausen*.) Because the Government failed to adequately identify the alleged false claims, established Eleventh Circuit precedent requires Counts I and II to be dismissed.

### III. The Government has not sufficiently pleaded that DPG knowingly presented or caused to be presented a single claim.

The Government's allegations in Count I with respect to DPG are also deficient because the Complaint does not allege that DPG presented the claims at issue and does not provide any particularized allegations that DPG knowingly caused the claims at issue to be presented. Eleventh Circuit precedent prohibits an "inference from the circumstances" that false claims were submitted. *See Corsello*, 428 F.3d at 1012. The Eleventh Circuit has explained, "[w]e cannot make assumptions about a False Claims Act defendant's submission of actual claims to the Government." *Clausen*, 290 F.3d at 1312 n. 21. Allowing these types of assumptions would thwart the purpose behind the specificity requirement of Rule 9(b), and would "ignor[e] that the true essence of the fraud of a False Claims Act action involves an actual claim for payment and not just a preparatory scheme." *Id.* The Government's argument that DPG "caused" the submission of false claims because its executives signed Physician Services Agreements ("PSAs") is a prohibited assumption under *Corsello* and *Clausen*. There is no particularized allegation as to how or why signing PSAs caused the submission of false claims. (Opp. at 24-25.)

Further, the Government's allegations that certain DPG executives had knowledge of a fraudulent compensation arrangement and had knowledge of DMC's alleged submission of false claims (Opp. at 23-25), are not sufficient to withstand a motion to dismiss. *See, e.g., United*

*States* ex rel. *Barlett v. Tyrone Hosp., Inc.*, 234 F.R.D. 113, 125-26 (W.D. Pa. 2006) (dismissing complaint alleging similar facts and explaining that "knowledge does not equate to causing the false claims and submission of false records").

IV.   **The Government cannot modify Count III in an attempt to adequately plead a "Reverse False Claim."**

The Government did not did not allege in its Complaint that DPG or any Defendant ever concealed an obligation to pay money to the Government.  In its Opposition, the Government argues, for the first time, that Defendants' continual submission of claims somehow constitutes "concealing" the Defendants' alleged obligation to refund money to the Government.  However, because the Government did not raise this theory in its Complaint, it should be prohibited from raising this theory now. *St. George*, 285 F.3d at 1337; *Wilson*, 2012 U.S. Dist. LEXIS 69763, at *26; *Johnson*, 2007 U.S. Dist. LEXIS 50034, at *14.  Further, the Government failed to plead with particularity how the Defendants' submission of claims constituted "concealment." Pleading "concealment" requires pleading with "factual particularity…that the defendant engaged in a *knowing deceit* to keep money belonging to the government," and failure to so plead "is fatal."  *United States* ex rel. *Barber v. Paychex, Inc.*, No. 09-2099, 2010 U.S. Dist. LEXIS 83789, at *32 (S.D. Fla. July 15, 2010) (emphasis added) (granting motions to dismiss).

V.   **Counts IV and V for mistaken payment and unjust enrichment should be dismissed.**

The Government improperly failed to identify whether its claims for mistaken payment and unjust enrichment are brought under federal common law or state common law, thereby failing to place Defendants on requisite notice of the claims against them. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (requiring that a complaint "give the defendant fair notice of what the . . . claim is") (internal quotations omitted). The Government's failure to identify the basis for its purported common law claims did not provide DPG with an

adequate opportunity to address the common law claims in its opening brief. Allowing the Government to now proceed under either a federal or state common law claim will necessarily deprive Defendants of their opportunity to be heard on such claims. *United States* ex rel. *St. Joseph's Hospital v. United Distrib.,* 918 F. Supp. 2d 1306, 1316 (S.D. Ga. 2013).

Additionally, there is no underlying FCA liability to support the common law claims. Counts IV and V are common law claims that are derivative of the FCA claims (*i.e.*, they rest on the premise that because the money DPG received resulted from false claims, the Government should not have paid the money, and DPG should not be permitted to keep it). Because there is no FCA liability for DPG, the underlying mistake and/or injustice relied upon by the Government is not present. The Government's proposition that its right to bring a payment-by-mistake claim is "unrestricted" unless Congress has manifested an intent to restrict that right is unfounded. The Government's reliance on the *Wurts* case is misplaced because that case relates solely to a statute of limitations issue and does not permit the Government to pursue a claim for mistaken payment of money. *See United States v. Wurts*, 303 U.S. 414, 416 (U.S. 1938).

Regarding its unjust enrichment claim, the Government's Opposition sets forth the test it says is applicable to an unjust enrichment claim (Opp. at 23). The Complaint, according to the test set out by the Government, does not establish a claim for unjust enrichment because it fails to allege that: (1) it would be unreasonable for the Government to pay under the circumstances; (2) Defendants should not have expected payment under the circumstances; or, (3) society's reasonable expectation of person and property would be defeated by payment. Additionally, there is no mention of the Stark Law in the Count in the Complaint alleging unjust enrichment (Cmplt. ¶¶ 150-52); yet, the Government asserts in its Opposition that its claim is premised on Stark Law violations. (Opp. at 19). Just as the Government is prohibited from attempting to

modify its allegations regarding reverse false claims, it is also prohibited from modifying its unjust enrichment claim. *St. George*, 285 F.3d at 1337; *Wilson*, 2012 U.S. Dist. LEXIS 69763, at *26; *Johnson*, 2007 U.S. Dist. LEXIS 50034, at *14

### RELIEF REQUESTED

Diagnostic Physicians Group, P.C. respectfully requests that the Court dismiss all Counts against DPG because the Government failed to plead its claims with the required particularity in its Complaint and is prohibited from attempting to modify the claims now in its Opposition.

Dated:  December 3, 2013.

> */s/ Daniel J. Martin*
> David W. Proctor (PROCD3254)
> Daniel J. Martin (MARTD8327)
> Attorneys for Defendant Diagnostic Physicians Group, P.C.

**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama  35209
Telephone:    (205) 458-9400
Facsimile:     (205) 458-9500
Email:          dwp@johnstonbarton.com
                    djm@johnstonbarton.com

> */s/ James B. Newman*
> James B. Newman (NEWMJ8049)
> Attorney for Defendant Diagnostic Physicians Group, P.C.

**HELMSING, LEACH, HERLONG, NEWMAN & ROUSE**
Post Office Box 2767
Mobile, Alabama  36652
Telephone:    251-432-5521
Email:          jbn@helmsinglaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 3, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve the same electronically on all counsel and parties of record in this matter, including:

Deidre Colson deidre.colson@usdoj.gov
Christ N. Coumanis coumanis@c-ylaw.com
David P. York david@c-ylaw.com
Daniel James Martin djm@johnstonbarton.com
David W. Proctor dwp@johnstonbarton.com
Caine O'Rear III corear@handarendall.com
Windy C. Bitzer wbitzer@handarendall.com
Douglas Rosenthal douglas.j.rosenthal@usdoj.gov
Eugene A. Seidel eugene.seidel@usdoj.gov
Kimberly Friday kimberly.i.Friday@usdoj.gov
Lisa M. Noller lnoller@foley.com
Michael P. Mathews mmathews@foley.com

                                    /s/ *Daniel J. Martin*
                                    Of Counsel