UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Christian M. Heesch,<br><br>    Plaintiff,<br><br>    v.<br><br>DIAGNOSTIC PHYSICIANS GROUP, P.C.; IMC - DIAGNOSTIC AND MEDICAL CLINIC, P.C.; INFIRMARY MEDICAL CLINICS, P.C.; and INFIRMARY HEALTH SYSTEM, INC.<br><br>    Defendant. | Civil Action No. 11-364-KD-B |

**INFIRMARY DEFENDANTS' BRIEF
IN SUPPORT OF MOTION TO DISMISS
<u>RELATOR'S THIRD AMENDED COMPLAINT</u>**

**Table of Contents**

I.  FACTUAL BACKGROUND ................................................................................................ 1

II. LEGAL STANDARDS .................................................................................................... 2

III. ARGUMENT ................................................................................................................. 3

    A.  No Infirmary Defendant Had a Relationship with Relator Sufficient to Plead a Retaliation Claim Against It. ................................................................ 4

        1.  Because The Relator Was Not An Employee, Agent, or Contractor of Any Infirmary Defendant, The Plain Language of Section 3730(h) Renders All Infirmary Defendants Improper Defendants in this Action. ................................................................................................ 4

        2.  No Infirmary Defendant Had the Capacity to Alter the Terms and Conditions of Relator's Employment. ........................................................ 7

        3.  The Court Cannot Grant the Reinstatement Relief Made Mandatory by Section 3730(h) Against Any Infirmary Defendant. ........... 8

    B.  The Complaint Does Not Identify Any Discrimination in the Terms of Relator's Employment by Any Infirmary Defendant. ............................................ 9

    C.  The Complaint Does Not Sufficiently Allege that Any Behavior by Any Infirmary Defendant was "Because Of" Protected Conduct by the Relator. ......... 11

IV. CONCLUSION ............................................................................................................ 12

The Third Amended Complaint filed by Dr. Christian Heesch ("Relator") asserts a single count for retaliation and "wrongful termination and discharge by Defendant DPG," the Relator's former employer, under the False Claims Act ("FCA"). (Cmplt. ¶ 1.)[1] Although the Relator sued "Defendants," including the Infirmary Defendants, he failed to plead that he was an employee, agent, or contractor of any Infirmary Defendant, or that any Infirmary Defendant had the capacity to alter the terms and conditions of the Relator's employment, or any retaliatory behavior by any Infirmary Defendant, much less retaliatory behavior "because of" protected conduct. These many deficiencies cannot be cured, as Relator pleaded the only employment relationship he could – with Diagnostic Physicians Group ("DPG"), not with any Infirmary Defendant. Because no Infirmary Defendant is properly a defendant in the Relator's action alleging retaliation and wrongful discharge by his former employer DPG, there is no claim against any Infirmary Defendant upon which relief can be granted, and the Complaint must be dismissed as to all Infirmary Defendants under Rule 12(b)(6).

I.  **FACTUAL BACKGROUND**

At all times material to the Complaint, Relator was a physician employed by DPG. (Cmplt. ¶ 17.) He allegedly had many disagreements with DPG and persons acting on its behalf, as narrated throughout the Complaint. (*Id.* ¶¶ 53-99.) As described in the Complaint, Relator "complained," (*Id.* ¶¶ 52-53, 57, 60) "inquired" (*Id.* ¶¶ 52, 67, 77, 87), and "confronted" (¶ 52) people about issues he believed were unlawful, or at least suspicious to him. Notably, each allegation using these active verbs notes that Relator took such action toward DPG, and not a single specified Infirmary Defendant. Relator then alleges that in response to these complaints,

---

[1] The Relator's Third Amended Complaint (Doc. 66) ("Complaint") is cited herein as "Cmplt." by paragraph number. The "Infirmary Defendants" are IMC - Diagnostic and Medical Clinic, P.C. ("DMC"), Infirmary Medical Clinics, P.C. ("IMC"), and Infirmary Health System, Inc. ("IHS").

questions, and confrontations, agents of DPG (not of any Infirmary Defendant) responded to him in many ways, including alleged termination. (*Id.* ¶ 65-99.) Notably, Relator alleged no adverse job action taken by any Infirmary Defendant. Rather, all actions (ranging from "explaining" to termination) were allegedly taken by DPG the entity or by agents of DPG acting on the entity's behalf. *Id.* However, at the heart of his complaint, when Relator alleged that he was retaliated against for engaging in protected conduct, he resorts to general and generic allegations against all "Defendants," without more, and without alleging any nexus with any particular Infirmary Defendant. (*Id.* at ¶¶ 79, 93, 94, 98.)

## II.  LEGAL STANDARDS

To state a claim that survives a motion to dismiss under Rule 12(b)(6), a complaint must satisfy the notice and pleading requirements of Fed. R. Civ. P. 8. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). To satisfy Rule 8, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Complaints that rely on "conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts" do not meet these standards and should be dismissed. *Chapman v. United States Postal Serv.*, 442 Fed. Appx. 480, 482 (11th Cir. 2011) (citing *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)).

FCA retaliation claims arise under 31 U.S.C. § 3730(h), which provides for a retaliation cause of action for a plaintiff who was the defendant's "employee, contractor, or agent" and who the defendant discriminated against in the "terms and conditions of employment" "because of" the plaintiff's protected activities – *i.e.* activities involving lawful acts by the plaintiff "in furtherance of an action" under the FCA "or other efforts to stop 1 or more violations" of the FCA. *Halldorson v. Sandi Group*, 934 F. Supp. 2d 147, 153 (D.D.C. 2013) ("[A] cause of action for False Claims Act retaliation under 31 U.S.C. § 3730(h) is a very specific cause of action. It requires an employee, contractor or agent to provide he was 'discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.'") (quoting 31 U.S.C. § 3730(h)).

Applying these legal standards, the Complaint has failed to state a sufficient retaliation claim against the Infirmary Defendants, and it must be dismissed as to the Infirmary Defendants.

## III.  ARGUMENT

The Relator's Complaint is insufficient against all Infirmary Defendants on multiple grounds: (a) it does not (and cannot) allege that the Relator was an "employee, contractor, or agent" of any Infirmary Defendant, rendering the Infirmary Defendants incapable of behavior in violation of Section 3730(h) and improper parties in this action; (b) it does not identify any discriminatory conduct by any Infirmary Defendant in the terms and conditions of Relator's employment; and, (c) it does not allege that any Infirmary Defendant was even aware of any protected conduct by Relator, making it impossible that any Infirmary Defendant engaged in any discriminatory behavior "because of" protected conduct. The Relator's Complaint is fatally

3

flawed on each of these separate grounds, and the law requires its dismissal as to all Infirmary Defendants.

### A. No Infirmary Defendant Had a Relationship with Relator Sufficient to Plead a Retaliation Claim Against It.

Very simply, none of the Infirmary Defendants is a proper defendant to the Relator's retaliation claim against his employer because no Infirmary Defendant was his employer. Relator also was not a "contractor or agent" of any Infirmary Defendant. Without this employment, contractor, or agency relationship, no Infirmary Defendant even had the capacity to alter the terms and conditions of the Relator's employment, which is required for a Section 3730(h) action. Nor does any Infirmary Defendant have the capacity to grant the mandatory relief required by Section 3730(h). These deficiencies are taken in turn below, but even considered independently, each deficiency warrants dismissal of the Complaint as to each Infirmary Defendant.

#### 1. Because The Relator Was Not An Employee, Agent, or Contractor of Any Infirmary Defendant, The Plain Language of Section 3730(h) Renders All Infirmary Defendants Improper Defendants in this Action.

The retaliation claim is not sufficient against any Infirmary Defendant because the Relator does not (and cannot) allege he was an "employee, contractor, or agent" of any Infirmary Defendant. 42 U.S.C. § 3730(h). A complaint brought under Section 3730(h) fails if it is brought by a plaintiff who was not an employee, contractor, or agent of the defendant. *See, e.g., United States ex rel. Abou-Hussein v. Science Apps. Int'l Corp.*, No. 2:09-1858, 2012 U.S. Dist. LEXIS 185456, *9-10 (D.S.C. May 3, 2012), *aff'd* 475 Fed. App'x. 851 (4th Cir. 2012) (Section 3730(h) does not create causes of action against defendants who did not have an employment, contractual, or agency relationship with plaintiff); *Howell v. Town of Ball*, No. 12-951, 2012 U.S. Dist. LEXIS 128433, at *11 (W.D. La. Sept. 4, 2012) (same); *Aryai v. Forfeiture Support*

4

*Assocs., LLC*, No. 10-cv-8952, 2012 U.S. Dist. LEXIS 125227, at *27 (S.D.N.Y. Aug. 27, 2012) (same).  Because the Complaint does not allege that the Relator was an "employee, contractor, or agent" of any Infirmary Defendant, all Infirmary Defendants should be dismissed.

That the Infirmary Defendants are not proper defendants is supported by the plain language of Section 3730(h).  Congress chose to provide that only an "employee, contractor, or agent" is entitled to relief under Section 3730(h) where it simply could have provided that any "person" may bring such an action, as it did in Section 3730(b) and other subsections of the FCA.  Giving Congress' word choice due effect and significance, Section 3730(h) limits actions only to those brought by plaintiffs who are or were employees, contractors, or agents of a defendant.  It is "one of the most basic interpretive canons, that 'a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.'"  *Corley v. United States*, 556 U.S. 303, 314 (2009) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)).

Because the language of Section 3730(h) expresses a clear intent to limit the class of potential defendants in a retaliation claim to employers, contractors, or principals by limiting the class of plaintiffs to employees, contractors, or agents – but does not explicitly say so – litigants have attempted to assert Section 3730(h) claims against defendants who were not their employers, contractors, or principals.  Courts that have examined this issue in depth have rejected Section 3730(h) claims by relators against defendants who were not the relators' employers, contractors, or principals.  *See, e.g., Aryai*, 2012 U.S. Dist. LEXIS 125227, at *23-24, 27 (examining the legislative history of the retaliation provision and dismissing retaliation claims against defendants who were not employers, contractors, or principals of the plaintiff); *Science Apps.*, 2012 U.S. Dist. LEXIS 185456, at *9-10 (same); *Howell*, 2012 U.S. Dist. LEXIS

128433, at *9-10 (dismissing retaliation claims against defendants who were not employers, contractors, or principals of the plaintiff). Such defendants "fall well outside the scope of the 2009 amendment to § 3730(h) and are not proper party defendants in a retaliation claim under the False Claims Act." *Science Apps.*, 2012 U.S. Dist. LEXIS 185456, at *11.

These recent decisions are consistent with decisions before the 2009 amendments to the False Claims Act, when Section § 3730(h) was limited to actions brought against employers and not yet expanded to actions brought against principals and contractors as well. Courts in these earlier cases refused to permit complaints to survive motions to dismiss by defendants that were not alleged to be or have been employers of the plaintiffs. *See, e.g., Thompson v. Quorum Health Res., LLC*, No. 1:06-cv-168, 2007 U.S. Dist. LEXIS 72376, at *10 (W.D. Ky. Sept. 27, 2007) (explaining that, "the complaint does not set out sufficient factual allegations to allow the Court to infer that [the defendant] was Plaintiff's employer" and that "[s]ince § 3730(h) only applies to the plaintiff's employer, the complaint does not state a claim upon which relief may be granted against [that defendant]"); *Hardin v. DuPont Scandinavia*, 731 F. Supp. 1202, 1205 (S.D.N.Y. 1990) (finding that the plaintiff "has not stated a claim for relief under § 3730(h)" because "the complaint fail[ed] to allege that plaintiff was an employee of any of the defendants, or any facts from which that inference could reasonably be drawn").

Even outside the False Claims Act context, when a cause of action requires that the plaintiff is or was an employee, contractor, or agent of a defendant and the complaint does not sufficiently allege such a relationship, the complaint must be dismissed. *See, e.g., Freeman v. Key Largo Volunteer Fire & Rescue Dep't., Inc*., 494 Fed. Appx. 940, 944 (11th Cir. 2012) (dismissing retaliation claim because the plaintiff "did not adequately allege an employment relationship"); *Bolton v. Fed. Home Loan Mortg. Corp*., No. 2:10-cv-171, 2010 U.S. Dist.

6

LEXIS 84498, at *10-12 (M.D. Ala. Aug. 17, 2010) (dismissing all counts against defendant because the complaint "failed to plead any facts or allegations that plausibly support[ed] a conclusion of an employment relationship or agency relationship" except in the form of a "legal conclusion . . . not supported by any factual allegations and . . . not entitled to the assumption of truth"); *King v. Sappi, Ltd.*, No. 98-0905, 1999 U.S. Dist. LEXIS 5187, at *7 (S.D. Ala. Mar. 23, 1999) (dismissing complaint against defendant entities because neither was plaintiff's employer at any time when the alleged discrimination took place, finding that the claims therefore "have no plausible basis and must be dismissed").

Nowhere does the Relator allege that he was an employee, contractor, or agent of any Infirmary Defendant, nor is there any allegation in the Complaint to support such a notion. The Complaint must be dismissed as to all Infirmary Defendants.

### 2. No Infirmary Defendant Had the Capacity to Alter the Terms and Conditions of Relator's Employment.

As an additional reason for dismissal, there are also no allegations to substantiate that any Infirmary Defendant even had the capacity to discriminate against the Relator in the terms and conditions of his employment. The Infirmary Defendants were not capable of "discharg[ing], demot[ing], suspend[ing], . . . or in any other manner discriminat[ing] against [Relator] in the terms and conditions of employment" as required for an action by the plain language of Section 3730(h), thus rendering them improper defendants. *See Howell*, 2012 U.S. Dist. LEXIS 128433, at *8, *11 (dismissing FCA retaliation claim against defendants because they did not stand in a relationship with the Relator such that they could effect "an alteration in the terms or conditions of employment"). Relator's Complaint is clear that Relator was employed by DPG and not by any Infirmary Defendant, and that DPG does not employ anyone on behalf of any Infirmary Defendant. (Cmplt. ¶¶ 17, 19). Relator does not explain how the Infirmary Defendants could

have "discharged, demoted, suspended" or "or in any other matter discriminated against [him] in the terms and conditions of employment," as the statute requires. Therefore, Relator has no Section 3730(h) claim against any Infirmary Defendant.

### 3. The Court Cannot Grant the Reinstatement Relief Made Mandatory by Section 3730(h) Against Any Infirmary Defendant.

Even if Relator had alleged a proper cause of action against any of the Infirmary Defendants, it is impossible for any of them to be ordered to grant the relief provided by the retaliation provision of the FCA and that requested by Relator. Section 3730(h) provides for, and Relator asks for, relief in the form of "reinstatement to his position," as well as insurance and other employment benefits. Cmplt., pp. 31-32; 31 U.S.C. § 3730(h)(2). However, the Infirmary Defendants do not have the capacity to reinstate Relator to his position with DPG because none of them ever employed the Relator.

Section 3730(h)'s remedy provision is mandatory, providing that relief "shall include" reinstatement, among other listed items. 31 U.S.C. § 3730(h)(2). "Courts generally have interpreted this type of mandatory language as depriving them of discretion regarding remedies." *Aryai*, 2012 U.S. Dist. LEXIS 125227, at *26. Because "all the § 3730(h) remedies are phrased in mandatory language (the employee '*shall be entitled*,' etc.) and include remedies such as reinstatement," a defendant that "could not possibly grant" the remedies is not a proper defendant in a Section 3730(h) action. *United States ex rel. Yesudian v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001); *see also Science Apps.*, 2012 U.S. Dist. LEXIS 185456, at *6-8 (dismissing retaliation claim against defendants who were not alleged to be "in an employment type of relationship, such as independent contractor or agent" with plaintiff, explaining that "the remedies provided . . . 'can logically be granted only by someone who has or had an employment relationship'" with the plaintiff) (quoting *Mruz v. Caring, Inc.*, 991 F. Supp. 701, 709 (D.N.J.

8

1998)); *Aryai*, 2012 U.S. Dist. LEXIS 125227, at *26 (dismissing defendant because he "could not possibly grant" the mandatory remedies under Section 3730(h)). The Infirmary Defendants cannot be ordered to grant the mandatory remedy of reinstatement under Section 3730(h), and therefore Relator has no viable Section 3730(h) claim against any Infirmary Defendant.

### B.  The Complaint Does Not Identify Any Discrimination in the Terms of Relator's Employment by Any Infirmary Defendant.

There are no factual allegations that identify actions any Infirmary Defendant took to discriminate against the Relator in the terms and conditions of his employment, which are required by the plain language of Section 3730(h) to state a claim against an Infirmary Defendant. Although Relator's Complaint does allege specific allegations of conduct and statements by the Relator or in response to him, each of those allegations relates to DPG or its physicians, directors, or administrators, not to any Infirmary Defendant. Yet inexplicably, Relator alleges a cause of action against the Infirmary Defendants as well, though he only refers to them in a generic group of "Defendants." *See, e.g., id*. ¶¶ 68-70, 84. For example, in paragraph 84 of the Complaint, Relator details precisely how he was terminated by "DPG Board of Director members" Drs. Gottlieb and Sahawneh and "DPG President" Dr. Lester based on a vote of DPG's Board, but then concludes that "Defendants terminated Dr. Heesch's employment and status as a shareholder of Defendant DPG." *Id*. ¶ 84. Left unpled, here or anywhere else in the Complaint, is how any Infirmary Defendant could have terminated Relator's employment or his status as a shareholder of DPG – because they could not possibly have done so. This contrast between the detailed allegations against DPG and general allegations against all "Defendants" is telling, and it suggests that perhaps Relator meant only to sue DPG and not the Infirmary Defendants. This explanation would make sense, since Relator never alleges any employment or

9

agency relationship between himself and any Infirmary Defendant, making it legally impossible for him to allege a colorable FCA retaliation action against any Infirmary Defendant.

In any event, the generalities asserted in the Complaint – *i.e.* that "Defendants" engaged in "retaliation, harassment, and wrongful termination and discharge" (Cmplt. ¶ 8) – are legal conclusions, not factual allegations, and are not accepted as true on a motion to dismiss. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (explaining that courts are "not bound to accept as true a legal conclusion couched as a factual allegation" for the purposes of a motion to dismiss); *Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 483 (11th Cir. 2011) (noting that, "[i]n considering a motion to dismiss, a court should eliminate any legal conclusions contained in the complaint, and then determine whether the factual allegations, which are assumed to be true, give rise to relief.") (citing *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)); *Rhodes v. Walgreen Co.*, No. 7:12-cv-3921, 2013 U.S. Dist. LEXIS 85190, at *10-11 (N.D. Ala. June 18, 2013) (dismissing complaint where it "consist[ed] almost entirely of legal conclusions and conclusory allegations, with virtually no supporting facts"); *Lewis v. Guy*, No. 2:12-cv-2250, 2013 U.S. Dist. LEXIS 133309, at *6 (N.D. Ala. Sept. 18, 2013) (finding the "generalized allegation" that defendant subjected plaintiff to "harassment, intimidation, and verbal abuse" insufficient and "precisely the type of 'formulaic recitation of an element of a cause of action' that the Supreme Court has deemed inadequate under Rule 8(a)(2)") (citing *Twombly*, 550 U.S. at 555).

The Complaint's general allegations that "Defendants" engaged in "retaliation, harassment, and wrongful termination and discharge" are insufficient, conclusory, legal conclusions that do not satisfy Rule 8, as required and described by the cases cited above. The allegations do not put the Infirmary Defendants on notice of the claims against them and do not

raise the right to relief against the Infirmary Defendants above the speculative level.  The lack of any factual allegations as to any discriminatory behavior by any Infirmary Defendant requires that the Complaint be dismissed as to all Infirmary Defendants.

### C. The Complaint Does Not Sufficiently Allege that Any Behavior by Any Infirmary Defendant was "Because Of" Protected Conduct by the Relator.

Even if the Complaint contained factual allegations about discriminatory conduct by any Infirmary Defendant – which it does not – the Complaint still would not sufficiently state a claim against any Infirmary Defendant because it fails to allege that any conduct by any Infirmary Defendant was "because of" Relator's protected conduct.  A complaint that does not allege that a defendant's behavior was "because of" protected activity by the plaintiff is subject to dismissal as to that defendant because the alleged retaliation must be linked to the allegedly protected conduct.  31 U.S.C. § 3730(h) (providing that the discrimination must be "because of" protected activity); *United States ex rel. Howard v. USA Envtl., Inc.*, No. 8:06-cv-27, 2009 U.S. Dist. LEXIS 5694, at *13 (M.D. Fla. Jan. 19, 2009) (dismissing relator's claim for retaliation and explaining that, "to state a claim for retaliation under the FCA," a relator must allege that the defendant's retaliatory behavior was "because of" the plaintiff's protected conduct).

The Complaint alleges no facts to support that any Infirmary Defendant was even aware of any protected conduct by Relator, much less that it discriminated against him in response.  A plaintiff cannot satisfy the "because of" test against a particular defendant who was not even aware of the allegedly protected conduct.  *Strong v. KIMC Invs., Inc.*, 472 Fed. App'x. 886, 886 (11th Cir. 2012) (affirming district court's dismissal of complaint where plaintiff failed to sufficiently allege that the defendant "feared being reported to the government or sued in a qui tam action" by the plaintiff); *USA Envtl.,* 2009 U.S. Dist. LEXIS 5694, at *17 (dismissing relator's claim for retaliation and noting that "the complaint lack[ed] allegations that Defendant

11

was aware that Relator was investigating fraud"). Where, as here, no Infirmary Defendant was alleged to even have been aware of Relator's protected conduct, none of them can credibly be alleged to have engaged in any behavior "because of" that protected conduct. *Id.*

Because there are no facts alleged that the Infirmary Defendants discriminated against Relator because of his alleged protected conduct, the Complaint must be dismissed as to the Infirmary Defendants.

## IV. CONCLUSION

The Complaint does not allege that the Relator was in an employment-type relationship contemplated by Section 3730(h) with any Infirmary Defendant, warranting dismissal of all Infirmary Defendants. Moreover, the Complaint does not plead any retaliatory actions by any Infirmary Defendant, much less because of any protected conduct. The Infirmary Defendants respectfully request that this Court dismiss the Relator's Third Amended Complaint as to the Infirmary Defendants, with prejudice.[2]

---

[2] The portion of the Complaint alleging punitive damages should also be stricken (Cmplt. p. 31), as punitive damages are not available under Section 3730(h). *Leggins v. Orlando Hous. Auth.*, No. 6:13-cv-232, 2013 U.S. Dist. LEXIS 33021, at *7-11 (M.D. Fla. Mar. 11, 2013) (striking plaintiff's claims for punitive damages under the FCA, as they are not available).

Dated:  December 30, 2013	Respectfully submitted,

/s/ Caine O'Rear III
Caine O'Rear III (OREAC6985)
Windy Cockrell Bitzer, (BITZW7315)
Hand Arendall LLC
P. O. Box 123
Mobile, AL 36601
Telephone:  251.432.5511
Facsimile:  251.694.6375
corear@handarendall.com
wbitzer@handarendall.com

Michael P. Matthews
*(admitted pro hac vice)*
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, Florida  33602-5810
Telephone:  813.225.4131
Facsimile: 813.221.4210
mmatthews@foley.com

Lisa M. Noller
*(admitted pro hac vice)*
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, Illinois  60654-5313
Telephone:  312.832.4363
Facsimile:  312.832.4700
lnoller@foley.com

Heidi A. Sorensen
*(admitted pro hac vice)*
Foley & Lardner LLP
3000 K Street, N.W., Suite 600
Washington, D.C.  20007-5109
Telephone:  202.672.5596
Facsimile:  202.672.5399
hsorensen@foley.com

*Attorneys for Defendants IMC - Diagnostic and Medical Clinic, P.C., IMC - Northside Clinic, P.C., Infirmary Medical Clinics, P.C., and Infirmary Health System, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such to all counsel of record.

| | |
|---|---|
| Dated:  December 30, 2013 | /s/ Caine O'Rear III <br> Caine O'Rear III |

4845-1501-6983.1