# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.*, Christian M. Heesch, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | CIVIL ACTION NO. 11-0364-KD-B |
| DIAGNOSTIC PHYSICIANS GROUP, P.C.;<br>IMC-DIAGNOSTIC AND MEDICAL, P.C.;<br>IMC-NORTHSIDE CLINIC, P.C.;<br>INFIRMARY MEDICAL CLINICS, P.C.; &<br>INFIRMARY HEALTH SYSTEMS, INC., | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on the motion to reconsider filed by Plaintiff Christian M. Heesch (the Relator). (Doc. 207) Upon consideration and for the reasons set forth herein, the motion is DENIED.

On April 11, 2014, the Court entered an order denying the Relator's motion for leave to file his fourth amended complaint and granting defendants IMC-Diagnostic and Medical, PC, Infirmary Medical Clinics, PC, and Infirmary Health Systems, Inc. (the Infirmary Defendants) motion to dismiss the Relators' third amended complaint as to them. (Doc. 173)[1] The Relator has now filed a motion to reconsider "pursuant to Federal Rules of Civil Procedure 59 and/or 60".

As an initial consideration, Rule 60(a) provides for corrections based on clerical mistake, oversight or omissions. Rule 60(b) provides six specific grounds for relief. Since the Relator has failed to brief the Court as to which applies, the Court will not make his argument for him.

---

[1] The Relator did not name IMC-Northside Clinic, P.C., as a defendant in his complaint. However, it is named as a defendant in the United States' complaint in intervention.

"District courts are under no obligation to distill every potential argument in favor of a counseled party's position." *OMV Associates Ltd. Partnership v. TriMont Real Estate Advisors, Inc.,* 484 Fed. Appx. 299, 305 (11th Cir. 2012) (citing *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir.1995) (en banc)). However, Rule 59 contains only one paragraph that could be relevant: Paragraph(e). Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Thus, the Court will address the Relator's motion as a Rule 59(e) motion to alter or amend a judgment. *See Jallali v. Nova Southeastern University, Inc.,* 486 Fed. Appx. 765, 766 (11th Cir. 2012) (reviewing the district court's Rule 59(e) analysis in an appeal from an order granting defendant's motion to dismiss).

"There are only two grounds for granting a Rule 59(e) motion for reconsideration: (1) 'newly-discovered evidence'; or (2) correcting 'manifest errors of law or fact.'"*Caraway v. Secretary, U.S. Dept. of Transp.*, - - - Fed. Appx. - - -,2013 WL 6570942, *6 (11th Cir. Dec. 16, 2013) (quoting *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir.2007) (internal quotation marks omitted). "Rule 59(e) is not an appropriate vehicle to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Frantz v. Walled*, 513 Fed.Appx. 815, 822 (11th Cir. 2013) (citing *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir.2005)).

The Relator argues that the order is based upon clear errors of law and fact and that he should be relieved from the order to prevent manifest injustice. As to the latter, the Relator states that the statute of limitations has expired as to the dismissed claims, despite what may be revealed during discovery.

The Relator argues that the Court "mistakenly concluded that 'there is no allegation of any specific act of retaliation by the Infirmary Defendants or even that Infirmary Defendants

acted in concert with [Diagnostic Physicians Group, P.C. (DPG)] regarding the Relator's harassment or termination." (Doc. 173, p. 5)  In support, the Relator points out that in paragraph 54 of his third amended complaint, he specifically alleged that Barre Sanders was the Administrator for DPG and the Infirmary Defendants.[2]  He argues that the Court did not include this fact in its analysis.  The Relator also argues that he "generally" assigned acts of retaliation to the Infirmary Defendants by using the word "Defendants" and that he made specific factual allegations of retaliation, harassment and termination by the Infirmary Defendants acting through Sanders.[3]

The Relator also argues that in his proposed fourth amended complaint he specifically plead the inextricable intertwined relationship between DPG and the Infirmary Defendants and provided evidence in support in his reply.  He points out that from this evidence, the Court found it "reasonable to infer that the Infirmary Defendants had the capacity to exert some control over a physicians continued employment with DPG" and "that the Infirmary Defendants had some control over the amount of compensation that the Relator received" such that "it is plausible . . . that the Relator had an 'employer type' relationship with the Infirmary Defendants . . . (Doc.

---

[2] "54. Specifically, when Dr. Heesch succeeded in temporarily implementing institutional guidelines to achieve adherence to sound clinical guidelines and radiation safety standards, Barre Sanders ("Sanders"), Administrator of Defendants, promptly reported to Dr. Heesch's colleagues in a formal DPG physician meeting that there had been a decline in reimbursement "thanks to Dr. Heesch", implying that Dr. Heesch's efforts had an adverse impact on DPG physicians financial interests. Dr. Heesch's safety guidelines were subsequently circumvented by DPG, led by F. Martin Lester, M.D. ("Lester"), President of DPG, and administrator Sanders. " (Doc. 66, p. 18).

[3] The Relator also argues that Dr. Lester's statement that a "Board, or whatever it is" voted to terminate the Relator coupled with Dr. Lester's suggestion that the Relator could ask Sanders about staying to take care of patients, is a sufficient allegation to render plausible that the "Board, or whatever it is" that voted to terminate the Relator may include Sanders or other officers, employees or agents of the Infirmary Defendants.

173, pp. 4-5.) The Relator argues that combining the Court's conclusion with the overlooked fact that Sanders is both an Administrator for DPG and the Infirmary Defendants and with the specific factual allegations regarding Sanders' harassment of the Relator and Sander's involvement with the DPG Board, his amended complaints were sufficient to state the Relator's claims against the Infirmary Defendants.

The Court finds no basis to reconsider its decision. The Court did not overlook the fact that Sanders is an Administrator for both DPG and the Infirmary Defendants. As previously stated, even construing the fourth amended complaint liberally, there is no <u>allegation</u> of any specific act of retaliation by the Infirmary Defendants.

The issues presented by the Relator either were raised and considered or could have been raised in the Relator's response to the Infirmary Defendants' motion to dismiss or in the Relators' response to the Infirmary Defendants' opposition to the motion for leave to file the fourth amended complaint. Rule 59(e) is not an appropriate vehicle to relitigate old issues or raise arguments in support that could have been raised before judgment was entered. *Frantz*, 513 Fed.Appx.at 822 (citation omitted). Accordingly, the motion for reconsideration is denied.

**DONE** this the 15th day of May 2014.

s/ Kristi K. DuBose<br>
KRISTI K. DuBOSE<br>
UNITED STATES DISTRICT JUDGE