# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*., Christian M. Heesch, | * * * |
| Plaintiffs, | * * |
| VS. | * CIVIL ACTION NO. 11-00364-KD-B * |
| DIAGNOSTIC PHYSICIANS GROUP, P.C., *et al*., | * * * |
| Defendants. | * |

## ORDER

This action is before the Court on Relator Christian Heesch's Motion to Quash Two Non-Party Subpoenas served by Defendant Diagnostic and Physician's Group, P.C. (Doc. 205). The motion has been fully briefed, and a discovery conference was conducted on March 29, 2014. Upon consideration of the motion, supporting memorandums and response in opposition, the undersigned finds that the motion is to be **GRANTED**.

**I. Background**

This action was originally filed by relator, Christian M. Heesch, against the named Defendant Diagnostic Physicians Group, P.C. and others alleging violations of the False Claims Act ("FCA"). Dr. Heesch alleges that DPG retaliated against him and terminated him because "of his undertaking the subject of the qui tam action as set out in the United States Complaint in Intervention." (Doc. 66 ¶ 94). In the instant motion, Dr.

Heesch seeks to quash two subpoenas that Diagnostic and Physicians Group, P.C. ("DPG") served on two of Dr. Heech's former employers, namely the University of Pittsburgh of the Commonwealth System of Higher Education ("University of Pittsburgh") and Verde Valley Medical Center ("VVMC")[1]. In the subpoena directed to the University of Pittsburgh, DPG seeks the following categories of information:

> (1) any and all documents relating to Dr. Heesch's employment, including admitting and credentialing files, applications, personnel files, professional training and assessment files, and any communications with Dr. Heesch;
>
> (2) any and all documents relating to Dr. Heesch's lawsuit against the University of Pittsburgh, including any research and notes pertains to Dr. Heesch;
>
> (3) all nonprivileged communications with counsel for the Univeristy of Pittsburgh concerning Dr. Heesch's lawsuit against the University;
>
> (4) all communications between Dr. Heesch and Arthur M. Feldman; and
>
> (5) all communications regarding the resolution of Dr. Heesch's lawsuit against the University of Pittsburgh.

(Doc. 205-1)

In the subpoena directed to the VVMC, DPG seeks the following categories of information:

---

[1] Both the University of Pittsburgh and VVMC objected to the subponeas as overly broad and unduly burdensome. (Docs. 205-3; 205-4).

2

> (1) any and all documents relating to Dr. Heesch's employment, including admitting and credentialing files, applications, personnel files, professional training and assessment files, and any communications with Dr. Heesch;
>
> (2) any and all documents relating to Dr. Heesch's lawsuit against the VVMC, including any research and notes pertains to Dr. Heesch;
>
> (3) all nonprivileged communications with counsel for the VVMC concerning Dr. Heesch's lawsuit against VVMC;
>
> (4) all communications between Dr. Heesch and Michael O'Connor;
>
> (5) all communications between Dr. Heesch and Craig Owens; and
>
> (6) all communications regarding the resolution of Dr. Heesch's lawsuit against VVMC.

(Doc. 205-2).

Dr. Heech argues that he has standing to challenge the subpoenas because they seek his past employment information and he has a personal interest in this information, that some of the requested information is subject to a confidentiality agreement and is therefore not discoverable, and that information related to his past employment is in no way relevant to this action nor is it likely to lead to admissible evidence. (Docs. 205, 285).

DPG filed a motion to enforce the subpoena issued to VVMC (Doc. 248). Later, on May 12, 2014, DPG withdrew its motion to enforce the subpoena issued to VVMC (Doc. 266), and on the same day, DPG filed a response in opposition to Dr. Heech's motion to

3

quash. (Doc. 277). In the response, DPG argues that Dr. Heesch's prior employment records, particularly those reflecting on Dr. Heesch's disruptive and uncooperative behavior, are directly relevant to "the legitimacy and analysis of DPG's reasons for firing Dr. Heesch". (Id., at 4). DPG also contends that information pertaining to Dr. Heesch's settlement of lawsuits against his former employers is not privileged. (Id., at 5).

**II. Discussion**

An individual generally does not have standing to challenge a subpoena served on a third party unless that individual has a personal right or privilege with respect to the subject mater of the subpoena. See Barrington v. Mortage IT, Inc., 2007 U.S. Dist. LEXIS 90555, at *8, 2007 WL 4370647 (S.D. Fla. Dec. 10, 2007) ("These records likely contain highly personal and confidential information.... Therefore, [the plaintiffs'] personal right to the employment records is sufficient to confer standing [on them] to move to quash the subpoenas duces tecum."). As noted *supra*, Dr. Heesch asserts that he has standing with respect to information contained in his employment records, and DPG has not argued otherwise.

The scope of discovery under a Rule 45 subpoena is the same as the scope o discovery under Rule 26. Id. Rule 26(b) permits discovery of "any non-privileged information relevant to any

4

claim or defense" and is broadly construed to include information that is reasonably calculated to lead to the discovery of admissible evidence. However, Rule 26(c) affords the court discretionary power to enter a protective order where good cause is shown. Under the rule, the court may issue an order to protect a party from annoyance, embarrassment, oppression or undue burden or expense, and in connection therewith, may forbid the discovery, limit the scope of discovery, and/or require the discovery be taken in a different manner than that chosen by the party seeking discovery. Burch v. P.J. Cheese, Inc., 2010 U.S. Dist. LEXIS 143543, 2010 WL 9081738 (N.D. Ala. Aug. 20, 2010).

The parties have both provided the court with case authority supporting their respective positions. See United States ex. rel. Simms v. Austin Radiological Assoc., 2013 Dist. LEXIS 37196, 2013 WL 1136668 (W.D. Tex. Mar. 18, 2013); Stewart v. Orion Federal Credit Union, 285 F.R.D. 395, 398-99 (W.D. Tenn. 2012). Based upon a review of the authority cited by the parties, and a review of the record, the undersigned is persuaded that while there are circumstances under which the employment records from a plaintiff's past employers could be relevant, in this case, the subpoenas, as issued are due to be quashed as overly broad. See Barrington, *supra*, 2007 U.S. Dist. LEXIS 90555, at *14-16 (In granting motion to quash, the court

5

held that "[e]ven were the court able to find that Plaintiffs' prior employment history is marginally relevant to their exempt status, the subpoenas duces tecum at issue are overly broad on their face".).  Dr. Heech was employed by the University of Pittsburgh as a fellow and then as an assistant professor of medicine during the period of 1994 through 1996, and he held staff positions in Arizona from 2001 through 2003. (Doc. 285-1). DPG served substantially similar subpoena requests on both the University of Pittsburgh and VVMC seeking not only Dr. Heesch's complete personnel file, but also seeking any and all communications and documents relating or pertaining to Dr. Heesch.  The subpoenas also seek all documents, including notes and research, related to Dr. Heesch's lawsuits against these entities.  As drafted, these subpoenas are clearly overly broad. In addition, they command production beyond the geographical limitation contained in Rule 45.  Thus, they are due to be quashed.  Accordingly, Dr. Heech's motion is **GRANTED.**

    **DONE** this **9th** day of **June, 2014.**

                                             **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**